Welch, C. J.
The defendant in error recovered a judgment below against the plaintiffs in error for alleged negligence of the company in causing or permitting a “ hole ” or excavation in its road, whereby she Avas thrown from her buggy and injured. The company now seeks a reversal -of the judgment on various grounds, only two of which we deem it material to consider.
Erom the record it appears that the defendant in error, .against the objection of counsel for the company, was permitted upon the trial to call witnesses who were acquainted with the premises, but who were in no sense adepts, and to prove by them their opinions as to whether this “ hole ” in the road was dangerous. In admitting- this testimony Ave think the court erred. Whether that place in the road was dangerous was a question for the jury, and not for the witnesses. It was not a question of science or art, nor was it one where the jury could not be put in possession of all the facts necessary to its decision. The Avitnesses should have been confined to a statement of these facts, and their ■opinions should have been rejected.
It further appears that one of the plaintiffs’ witnesses, on cross-examination, admitted that he had taken an active *522 interest in the case in favor of the plaintiff, and on reexamination the plaintiff was permitted to prove by the witness, against the objection of the defendant, that his "reason for taking such interest in the case was that he considered the plaintiff “ a very much injured and very badly abused girl.” This was permitting the witness to give the jury his opinion on the merits of the ease, and was clearly erroneous.
Motion granted, judgment reversed, and cause remanded*
White, Rex, Gilmore, and MoIlvaine, JJ., concurred.